UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENDALL FURLOW,

    Petitioner,

v.	CASE NO. 6:05-cv-1193-Orl-19KRS
	(6:04-cr-41-Orl-19KRS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8) filed by Kendall Furlow. The Government filed a response to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. No. 13), and Petitioner then filed a reply (Doc. No. 16) and a supplemental reply (Doc. No. 18).

Petitioner alleges six claims for relief in his motion: first, that the Government "failed to file a timely information"; second, that he received ineffective assistance of counsel because at sentencing counsel failed to "challenge the enhancement for a career criminal"; third, that his plea was involuntary because counsel failed to correctly inform him of the applicable law and the sentencing alternatives prior to the entry of his plea; fourth, that the Court was without jurisdiction to dismiss his notice of appeal; fifth, that the sentence-

appeal waiver was not enforceable because the Court never informed him that he was waiving his right to appeal; and sixth, that counsel coerced or misadvised him with regard to withdrawing his notice of appeal.

A.     *Procedural History*

Petitioner was charged with possession with intent to distribute and distribution of cocaine base (Criminal Case No. 6:04-cr-41-Orl-19KRS, Doc. No. 1, filed March 17, 2004).[1] Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to the charge in the indictment (Criminal Case Doc. No.23, filed May 24, 2004).  United States Magistrate Judge Spaulding held a hearing on the plea and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 30, filed May 25, 2004).  Magistrate Judge Spaulding recommended that the plea agreement and the plea of guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court subsequently entered an Order in which 1) the Report and Recommendation was accepted, affirmed, and adopted; 2) Petitioner was adjudged guilty of count one of the indictment; and 3) the plea agreement was accepted (Criminal Case Doc. No. 30, filed May 25, 2004).  On August 18, 2004, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a term of 188 months (Criminal Case Doc. No. 39).

---

[1] Hereinafter Criminal Case No. 6:04-cr-41-Orl-19KRS will be referred to as "Criminal Case."

On August 18, 2004, Petitioner filed, *pro se*, a notice of appeal (Criminal Case Doc. No. 40). On September 13, 2004, Petitioner filed, *pro se*, a notice of his intention to withdraw his notice of appeal (Criminal Case Doc. No. 47), and on September 16, 2004, Petitioner's counsel filed a notice of voluntary dismissal of his appeal (Criminal Case Doc. No. 50). The Eleventh Circuit Court of Appeals then entered an order granting Petitioner's request to dismiss his appeal with prejudice. *See* Criminal Case Doc. No. 58, filed November 4, 2004.

***Petitioner's Waiver of Section 2255 Relief in His Plea Agreement As to Claims One, Two, Four, and Six***

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 23). Pursuant to the agreement, Petitioner agreed as follows:

> [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, **directly or collaterally**, including the filing of a 28 U.S.C. § 2255 petition, on any ground, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines.

(Plea Agreement at 11.) (emphasis added).

"It is well settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.), *cert. denied*, 126 S. Ct. 746 (2005). With regard to whether a sentence-appeal waiver included the waiver of the right to challenge the sentence collaterally in the context of a section 2255 motion, the Eleventh Circuit Court of Appeals in *Williams* held as follows:

> [E]very Circuit to have addressed the issue has held that a valid

3

> sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *See United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2nd Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085, 122 S. Ct. 821, 151 L. Ed. 2d 703 (2002); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000), *cert. denied*, 531 U.S. 1175, 121 S. Ct. 1148, 148 L. Ed. 2d 1010 (2001). We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*Id*. at 1342 (footnote omitted). The appellate court held that the appellant's valid sentence-appeal waiver precluded his section 2255 claim, which was based on ineffective assistance of counsel at sentencing.

In the present case, at the plea hearing Petitioner specifically acknowledged that he understood 1) the terms of his plea agreement, and 2) the appeal/collateral proceedings waiver contained therein. (Transcript of Plea Hearing at 9-10, 14-15.) The Court subsequently determined that Petitioner had entered into the written plea agreement, which contained the appeal/collateral proceedings waiver, knowingly and voluntarily. *Id*. at 24. The plain language of the plea agreement informed Petitioner that he was waiving a collateral attack on his sentence; therefore, the express terms of the plea agreement prevent this Court from considering claims one, two, four, and six. Under these circumstances, it is clear that the appeal/collateral proceedings waiver precludes claims one, two, four, and six in the instant section 2255 motion, and they are denied.

4

*Claims Three and Five*

Claims three and five appear to pertain to the validity of Petitioner's plea or the waiver, and they will be reviewed by the Court.[2]

    *1.    Claim Three*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires

---

[2]The Eleventh Circuit Court of Appeals did not determine whether the sentence-appeal waiver included the waiver of the right to challenge counsel's representation as related to the validity of the plea or the waiver. *Id.* at 1342 n.2. However, this Court finds persuasive the decision of *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002), which was mentioned in *Williams*, wherein the appellate court held that a claim of ineffective assistance of counsel brought pursuant to section 2255 survives such a waiver when it challenges the validity of the plea or the waiver. *See also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) ("Dismissal of a section 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver.").

the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.[3]

In claim three, Petitioner avers that his plea was involuntary because counsel failed to correctly inform him of the applicable law and the sentencing alternatives prior to the entry of his plea. However, in the plea agreement itself, Petitioner acknowledged his understanding that the minimum mandatory term of imprisonment was five years and that the total term of imprisonment could be up to forty years. (Plea Agreement at 1.) Further, at the plea hearing, the Court informed Petitioner as to the minimum and maximum penalties he faced. (Transcript of Evidentiary Hearing at 15.) The Court also told Petitioner that it was not possible, at that juncture of the proceedings, to determine what the sentencing guidelines range would be. *Id*. at 17.

The record in this case reflects that Petitioner understood the charges against him, understood the consequences of his plea, and voluntarily chose to enter his plea of guilty without being misled or otherwise misinformed. Petitioner's responses throughout the entry of his pleas illustrate a comprehension of the statements of the trial court and counsel, and therefore the record supports a finding that the plea was valid. Petitioner was not misled or misinformed as to the sentence he would receive or as to the law, and every effort was made to help Petitioner understand his rights and options. Petitioner entered into his plea of guilty voluntarily and knowingly, and there has been no showing of ineffective

---

[3] In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

assistance of counsel. The Court finds that claim three must be denied.

   2.   *Claim Five*

Petitioner maintains that the sentence-appeal waiver was unenforceable because the Court never informed him that he was waiving his right to appeal. The record refutes this claim. The Court discussed the appeal/collateral proceedings waiver and specifically advised Petitioner that "[u]nder the Plea Agreement, you're giving up some of your rights to appeal directly and collaterally." *Id*. at 14. In addition, the plea agreement specifically indicated that Petitioner was waiving his right to bring section 2255 relief. It is readily apparent that every effort was made to help Petitioner understand his rights and, in particular, the rights he was waiving. Under the circumstances, the Court finds that claim five is without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   The second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8, filed September 13, 2005) filed by Kendall Furlow is **DENIED**, and this case is **DISMISSED** with prejudice.

2.   The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.   The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 69, filed

September 13, 2005) pending in case number 6:04-cr-41-Orl-19KRS.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __26th___ day of June, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 6/26
Kendall Furlow
Counsel of Record